CATHERINE VENNARD, as Administratrix, etc., of PATRICK GORMLEY, Deceased, Respondent, *v.* ALBANY SAVINGS BANK, Appellant, Impleaded with MORRIS S. TREMAINE, as Comptroller of the State of New York, Defendant.

Third Department, November 15, 1939.

*Cooper, Erving & Savage [Edward S. Rooney* of counsel; *B. Jermain Savage* with him on the brief], for the appellant.

*Borden H. Mills [Ellis J. Staley* with him on the brief], for the respondent.

SCHENCK, J. This is an appeal from a judgment in favor of the plaintiff allowing her to recover dividends on a dormant deposit in the Albany Savings Bank for the ten-year period, 1927 to 1937. The plaintiff already had received the corpus of the deposit plus dividends from the time at which the account was opened in 1885, to 1927. Since 1927 the defendant bank did not credit dividends although it retained control of the funds in the account. In 1937

it turned over to the Comptroller of the State of New York all of the funds in the account, including dividends credited to 1927. The Comptroller in turn paid the same to this plaintiff, the alleged niece and administratrix of the original depositor.

This appeal is based both upon fact and law. The appellant contends that the verdict of the jury was against the weight of evidence when it answered in the affirmative the question as to whether or not this plaintiff's uncle and intestate was the actual depositor, and also that the trial justice erred in not dismissing the complaint on the theory that the defendant was not under legal compulsion to credit dividends after 1927.

The first point, that of the question of fact, can readily be disposed of. While there was considerable discrepancy in several phases of the plaintiff's case, there nevertheless was sufficient evidence to sustain the findings of the jury. It is true that, upon the face of the evidence as offered, the depositor appeared to have been a Canadian whereas the claimant's uncle was concededly a native of Ireland. Inasmuch, however, as there is no town in Canada bearing the name of the place stated· by the so-called Canadian as being the place of his birth and there is a town in Ireland having a name very similar to the alleged Canadian town, there is ample indication that there may have been a mistake. In any event there is sufficient justification to sustain the jury's verdict in holding that this plaintiff actually is the niece of the nineteenth century depositor.

Upon the question of law involved, however, a different conclusion must be reached. We believe the trial court should have held, as a matter of law, that the defendant bank was within its rights in not crediting dividends to the account after 1927.

The account in question was opened in 1885. At that time the deposits made in the defendant bank were subject to the bank charter, chapter 100 of the Laws of 1820 and chapter 199 of the Laws of 1840. The latter contained the following provision: " § 2. Whenever the trustees or managers of the Albany Savings Bank shall deem it expedient or necessary to change or alter the condition on which they have received deposites, they shall publish a notice to the depositors in a newspaper printed in the city of Albany during four weeks preceding such change or alteration."

 Subsequently, in 1897, the trustees of the bank passed a by-law which provided that no interest or dividends should be declared or paid on any account in which no entry of deposit or withdrawal shall have been made for a period of twenty successive years. The account became totally inactive after May 19, 1890, but dividends were credited thereto until July, 1927.

There being no question but that the bank complied with the charter provisions of 1840 when the by-laws were changed or altered in 1897, there seems to be no basis upon which the present claim can be substantiated. The depositor in 1885 agreed to abide by the charter regulations of the bank that had then been in effect since 1840. He agreed, accordingly, pursuant to the aforesaid section 2 of chapter 199 of the Laws of 1840, that the conditions governing deposits could be altered and that certain prescribed publication of the notice of any alterations of the said conditions would be considered actual notice by him. The notice was, therefore, properly given in 1897 when the conditions governing payment of dividends on twenty-year dormant accounts were changed by the new by-laws. He was, accordingly, bound by this regulation and when he elected to allow his account to remain dormant for more than twenty years after 1897, he forfeited his rights to further dividends. It was merely the good fortune of this plaintiff that dividends were paid until 1927 and not terminated in 1917, as it might well have been under the bank's charter and the by-laws pursuant thereto.

There was no infringement of constitutional rights in the procedure adopted by the bank. The Legislature by the 1840 law gave the bank the right to change conditions governing deposits. This, and nothing more, was all that was actually done. The alteration or change was not unreasonable. I am not impressed with the contention that this is a change " without notice or consideration " of a debtor-creditor relationship. This is merely the performance of an act pursuant to the very terms agreed upon between the parties when the debtor-creditor relationship was entered upon.

The judgment of the trial court should be reversed upon the law, and the complaint dismissed, with costs.

HILL, P. J., BLISS, HEFFERNAN and FOSTER, JJ., concur.

Judgment reversed, on the law, with costs, and complaint dismissed, with costs.